IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN MARSHALL SPENCER,<br><br>                Petitioner,<br><br>v.<br><br>UTAH COUNTY SHERIFF et al.,<br><br>                Respondents. | **MEMORANDUM DECISION**<br>**& ORDER TO SHOW CAUSE**<br><br>Case No. 2:19-CV-642-DB<br><br>District Judge Dee Benson |

On September 9, 2019, Petitioner submitted a habeas-corpus petition. *See* U.S.C.S. § 2241(c)(3) (2020) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws . . . of the United States . . . . ."). At the time, he was imprisoned at Utah County Jail. (ECF No. 6.) On January 16, 2020, the Court's Order granting his *in forma pauperis* application, under 28 U.S.C.S. § 1915 (2020), was returned to sender, marked, "NO LONGER AT THIS ADDRESS." (ECF No. 7.)

There are several obstacles to this case's further progress:

**(1)** The Court has no way to communicate with Petitioner. This is because he has not updated his address as required. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number.").

**(2)** Without follow-up communication from Petitioner, the Court does not know whether his petition is now moot.

> "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody . . . ." 28 U.S.C.S. § 2241(c)(1)

> (2020). "However, the fact that [petitioner] is no longer in custody does not automatically moot [his] petition because he was in custody at the time of filing." *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). If he is released from custody after the petition was filed, the question is whether the petition continues to present the court with a case or controversy as required under Article III, § 2, of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A constitutional prerequisite to federal court jurisdiction is that a live case or controversy must be extant at all stages of the proceedings, and it is "not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "[M]ootness is a matter of jurisdiction . . . ." *Id*. A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology of Calif. v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted). The court, however, "will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley*, 310 F.3d at 1257 (quotations omitted).

*Diaz-Holguin v. Keisler*, No. 08-CV-460-REB-MJW, 2009 U.S. Dist. LEXIS 17807, at *12-13 (D. Colo. Feb. 25, 2009) (R. & R.), *adopted by* 2009 U.S. Dist. LEXIS 20715 (Mar. 16, 2009).

To proceed further, Petitioner must respond with facts showing this petition is not moot.

**(3)** Though the petition is confusing, it appears relief is requested based on violation of state law. This is not a basis for relief under § 2241, which requires custody violate *federal* law. *See* 28 U.S.C.S. § 2241 (2020).

**(4)** Regarding a petition filed *in forma pauperis*, § 1915 requires dismissal "at any time if the court determines that . . . the action . . . is frivolous." *Id*. § 1915(e)(2)(B)(i).

> In enacting the federal *in forma pauperis* statute, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or

> criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948) (internal quotation marks omitted). At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In response to this concern, Congress included subsection (d) as part of the statute, which allows the courts to dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous or malicious."

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (citation omitted in original).

Though Plaintiff's allegations are viewed in his favor, "a court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33 (citations omitted). Determination of frivolousness is thus proper "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Petitioner's "Request for Relief" states,

> Release all prisoner/detainees in the intire United States of America, due to this Judicial scam perpetrated and overthrown by UNIDROIT Inc. & yes deem this a treason disclosure, pursuant to 18 U.S.C.A. Section 2382 Misprision of treason & other Treason & Seditions Conspiracy under title 18 of the United States Code & thus this is the End of another Empire & its coup de grace in Sept. 11, 2001 via the corporate overthrow by the scribes, minions & lawyers of UNIDROIT via U.C.A. 77-28c-101 et. Seq. THE END of a dispensation; now the cleansing FIRE! [Sic]

(ECF No. 6, at 8.)

Plaintiff's request for relief fits the descriptions of frivolousness. His fantastic suggestion that his nebulous ground for relief based on Utah law would be sufficient to force release of every prisoner in the United States is patently unbelievable and irrational. His claims are therefore subject to dismissal as frivolous. *See* 28 U.S.C.S. § 1915(e)(2)(B)(i) (2020).

**IT IS HEREBY ORDERED** that within thirty days Plaintiff must **SHOW CAUSE** why this petition should not be dismissed based on failure to prosecute, mootness, failure to state a claim, and frivolousness.

DATED this 4th day of May, 2020.

BY THE COURT:

*(signature)*

JUDGE DEE BENSON
United States District Court